IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS T. TURNER, III | ) |
| | ) |
| Plaintiff, | )   CIVIL ACTION NO. |
| | ) |
| v. | )   JURY TRIAL DEMANDED |
| | ) |
| CHECKR, INC. | )   COMPLAINT |
| | ) |
| Defendant. | ) |

**Preliminary Statement**

1.      This is an action for damages brought by an individual consumer Thomas T. Turner, III, against the Defendant for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*, or in the alternative, violations of the New Jersey Consumer Fraud Act ("CFA"), N.J.S.A. § 56:8-2.

**Jurisdiction and Venue**

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331 and 1337.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**Parties**

4.      Plaintiff Thomas T. Turner, III is an adult individual, who resides in Plainville, NJ.

5.      Defendant Checkr, Inc. ("Checkr") is a consumer reporting agency that regularly conducts business in the District of New Jersey and which has a principal place of business located at 2505 Mariposa Street, San Francisco, CA 94110.

**Factual Allegations**

6. Plaintiff has been employed by Uber Technologies, Inc. ("Uber") since at least January 2017.

7. Uber performs routine background checks of its employees.

8. Uber contracts with Defendant for purposes of providing background reports on its employees.

9. In June 2017, Uber contracted with Defendant to provide a background report on Plaintiff.

10. Upon information and believe, Defendant attempted to provide the requested background report to Uber; however, due to Defendant's system errors, the report was never completed.

11. Upon information and belief, the incomplete report created about Plaintiff by Defendant triggered a notice to Uber from Defendant that Plaintiff had not passed the required background check.

12. Despite this problem, Plaintiff was able to continue driving up through October 2018.

13. In October 2018, Uber requested another background report on Plaintiff from Defendant.

14. The October 2018 background report was clear of any negative information; however, during the October 2018 background check, the prior June 2017 incomplete report was discovered.

15. When the prior incomplete June 2017 report was discovered, Plaintiff was denied the ability to accept new rides from Uber, and Plaintiff's account with Uber was suspended.

16. Uber was unable to re-activate Plaintiff's account due to Defendant's prior incomplete report.

17. Plaintiff subsequently informed Defendant in writing, over the phone, and in-person that its prior incomplete report was causing him to be unable to work for Uber.

18. Plaintiff requested that Defendant either complete the June 2017 report, or delete the incomplete report in order to allow Uber to reactivate Plaintiff's account.

19. Despite the multiple requests, Defendant continued to reflect the existence of the incomplete report, and Plaintiff continued to be unable to work for Uber.

20. The incomplete consumer report furnished by Defendant was for employment purposes.

21. In creating and furnishing the Plaintiff's consumer report, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff. For example, Defendant failed to provide a complete report regarding Plaintiff, and instead issued a flawed incomplete report.

22. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

23. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

24. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

### Count One – Violations of the FCRA
### (Plaintiff v. Checkr)

25. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

26. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

27. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

28. At all times pertinent hereto, the above-mentioned consumer reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

29. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b).

30. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### Count two – Violations of the CFA
### (Plaintiff v. Checkr)

31. Plaintiff re-alleges all prior allegations as if fully set forth here.

32. Defendant is a "person" as that terms is defined by N.J.S.A. § 56:8-1.

33. Plaintiff is a "person" as that term is used in N.J.S.A. § 56:8-19.

34. Defendant used unconscionable commercial practices, deception, and misrepresentations in connection with the creation of the incomplete consumer report and sale of its services.

35. As described above, Defendant failed to complete a background check ordered on Plaintiff.

36. By failing to complete the background check, Defendant caused Plaintiff to be suspended from his ability to work for a third-party.

37. Defendant's acts and omissions detailed herein violate N.J.S.A. § 56:8-2.

38. Plaintiff has suffered significant harm, including financial, actual, and compensatory harm, as a direct result of Defendant's violation of N.J.S.A. § 56:8-2.

39. Pursuant to the CFA, Defendant is liable to the Plaintiff for engaging in prohibited acts, and misrepresenting Plaintiff's ability to pass the background check.

40. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## Jury Trial Demand

41. Plaintiff demands trial by jury on all issues so triable.

## **Prayer For Relief**

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C.**

BY: */s/ Mark D. Mailman*
MARK MAILMAN, ESQUIRE
JOSEPH L. GENTILCORE, ESQUIRE
1600 Market St., Suite 2510
Philadelphia, PA 19103
215-735-86600
mmailman@consumerlawfirm.com

Dated: June 12, 2019                    *Attorneys for Plaintiff*